54

EMILIO DE ALDREY MONTILLA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 698. Submitted November 4, 1935.—Decided November 15, 1935.

*F. Soto Gras* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In a public deed setting forth the acknowledgment of a debt and the constitution of a mortgage which was executed by Emilio de Aldrey and his wife before Notary Public Francisco Soto Gras on July 23, 1935, the grantors stated that "as their financial needs might require it . . . they have decided to issue two mortgage notes payable to bearer" to which end "they acknowledge to owe, as a loan, to the bearers of the promissory notes hereinafter mentioned . . . the sum of four thousand dollars which they now declare to have received prior to this act and to their satisfaction by virtue of any assignment or transfer that may be made of said promissory notes."

The promissory notes are identical. One of them is transcribed in the deed and reads as follows:

"For $2,000.00 U. S. Currency.—Due July 23, 1937.—On July 23, 1937, we promise to pay to the order of the bearer, the sum of Two THOUSAND DOLLARS ($2,000.00). This promissory note will bear interest at the rate of 9 per cent per annum and is secured by a mortgage for the above principal sum, interest thereon, and a further sum of FOUR HUNDRED DOLLARS ($400.00) for costs, expenses, and attorney's fees in case of judicial claim, which we have constituted

by deed of even date, executed in this city, before Notary Francisco Soto Gras, under number nineteen (19) of his current protocol, on a property belonging to us described in said deed and subject to the conditions and terms of said public document. San Juan, Puerto Rico, July 23, 1935. For myself and as attorney in fact of my wife Sylvia Ferrer. (Signed) Emilio de Aldrey.''

On presentation of the aforesaid deed for record in the Registry of Property of San Juan, First Section, the registrar entered the following decision:

''Record is made of the mortgage constituted by this deed, as to the principal sum, additional credit for costs, expenses, and attorney's fees in case of judicial claim, and interest on said principal at the rate of 8 per cent per annum, and record is denied as to the excess interest stipulated in the contract as the same is expressly prohibited by Act * * * ''

Feeling aggrieved by that decision, the grantors took an appeal to this court.

The act to which the registrar refers (No. 5, of 1933, Session Laws (2), p. 26), is the same which we amply considered in the case of *Caraballo* v. *Registrar*, 48 P.R.R. 902. In its pertinent part it reads as follows:

'' . . . that no rate of interest shall be fixed by special agreement in excess of nine (9) dollars a year on each one hundred (100) dollars or upon its equivalent in value, when the capital the object of the loan or of the agreement does not exceed three thousand (3,000) dollars, and eight (8) dollars a year on each one hundred (100) dollars when the capital passes said sum.''

Appellant admits that said act is applicable herein and he maintains that as there is not involved an agreement for an amount in excess of $3,000, but rather two agreements neither of which is for an amount reaching that sum, the interest rate of 9 per cent fixed complies with its provisions.

The registrar maintains in his brief that ''a mortgage constituted to secure a debt, whether or not said mortgage covers one or more promissory notes, must conform as to the interest, to the only provision limiting the rate of con-

tractual interest, which exists in our Civil Law—Act No. 5 of August 17, 1933.''

We would entirely agree that the interest rate of 9 per cent fixed would be illegal if from the deed it appeared as a fact that both promissory notes had been or were to be negotiated in a single act, for then there would be no doubt that a single transaction was involved.

But inasmuch as said deed, in view of the terms in which it is drafted, may serve as the basis for two different transactions entered into on different dates with different persons and having a separate existence, and none of which would exceed $3,000, it can not be concluded that the rate of interest stipulated is illegal.

Under these circumstances, we think that the registrar should have recorded the deed with a warning that if the promissory notes are negotiated in such a way as might be considered to constitute a single transaction, then the interest rate of 9 per cent fixed will become illegal.

Therefore, the decision appealed from must be reversed as to that part thereof to which objection has been made and the record made in the manner indicated.

Mr. Justice Wolf is of the opinion that the record should be made without any warning.

Mr. Justice Aldrey took no part in the decision of this case.